NAZARIO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San
German.

No. 64.—Decided October 18, 1910.

DOMINION TITLE—JURISDICTION—COURT COMPETENT TO TAKE COGNIZANCE—DECLA-
RATION OF OWNERSHIP.—Applications for a declaration of ownership or do-
minion title must be filed in the district court of the district within which
the property is situated, or within which the principal part is situated, if it
lies within two different districts.
ID.—SUBMISSION OF APPLICANT.—The jurisdiction conferred by the law upon the
judge of the district within which the property is situated is exclusive, and the
submission of the applicant in a proceeding of this nature is not sufficient to
confer jurisdiction upon a court other than the one belonging to the district.
ID.—RECORD OF OWNERSHIP.—A declaration of ownership made by a court without
jurisdiction of the matter, because not of the district where the property lies,
is not recordable.

The facts are stated in the opinion.

*Mr. José F. Fernández* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a decision of the Registrar of
Property of San Germán refusing to record a judgment ren-
dered by the District Court of Ponce in an *ex parte* proceed-
ing prosecuted in accordance with the Mortgage Law, declar-
ing the ownership of a certain rural property situated in
Sabana Grande to have been established in favor of José
Nazario Mercado.

The ground upon which the refusal of the registrar is
based is that "the property being situated in the municipality
of San Germán the proceedings should have been had before
the District Court of Mayagüez, to which municipality the
said district belongs."

As a matter of fact, section 395 of the Mortgage Law pro-
vides that an application praying that the ownership of a
thing be declared to have been established in cases where the
petitioner is without a written and recordable title of owner-

ship, shall be presented "to the judge of first instance (now the district judge) of the district within which the property is situated or within which the principal part is situated, if it lies within two different districts."

The jurisdiction conferred by the law upon the district judge of the district within which the property is situated is in our opinion exclusive, and it is easy to see why it should be so, because such proceedings are not like those in which the parties may confer jurisdiction upon a court of justice, but these are proceedings for the declaration of ownership of real property commenced and terminated at the instance of the party interested in having the application granted. (See sec. 395 of the Mortgage Law.)

It is in the district where the property is situated and where it is natural that the parties who may have opposing interests to those of the petitioner reside, that proceedings of this character should be had, in the open, with the greatest publicity possible under the law.

The appellant cites in support of his contention the decision of May 9, 1889, of the General Directorate of Registries, holding that, notwithstanding the fact that section 404 of the Law of Spain, which is equivalent to section 395 of the Law of Ultramar, jurisdiction to hear and determine applications for the establishment of ownership is conferred upon the judge of the district within which the properties are situated when the parties submit to the jurisdiction of another court, the judgment rendered thereby is valid.

Such a decision, which must be considered as the law of the case in which it was rendered, is not binding as a general principle, and in our opinion it is contrary to the definite provision of the Legislature contained in section 395 above cited, and contrary to the spirit of the law which we have heretofore construed.

The District Court of Mayagüez had exclusive jurisdiction to hear and determine the application herein filed, and, therefore, we find that the decision of the registrar is well

founded. The appeal must be dismissed and the decision appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.